# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

gnaydenskiy@faillacelaw.com

November 6, 2020

**BY ECF**
Hon. Ronnie Abrams
United States District Judge
500 Pearl Street
New York, NY 10007

Re: <u>Galvez Prudente et al v. Prosperity 89 Corp. et al.</u>
Index No. 18-cv-06796

Your Honor:

This office represents Plaintiff in the above referenced matter. The parties have agreed to a settlement ("Agreement"). A copy of the Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

## BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195). Defendants denied and continue to deny the allegations as asserted in the Complaint.

## SETTLEMENT TERMS

Plaintiff alleges he would be entitled to back wages of approximately 10,212.84 as his best case scenario. In order to avoid the legal and factual risks of protracted litigation, the parties have

agreed to settle the matter for the sum of $14,000.  A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual disputes. Therefore, Plaintiff believes the settlement is reasonable because of the risk that he may not prevail on all his claims.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $5,118.67 which is composed of 1) costs of $678 subtracted from the $14,000 settlement and divided by three which equals $4,440.67[1] plus 2) costs of $678 which equals $5,118.67.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $14,252.50 in attorneys' fees, making the fee counsel will receive under the agreement reasonable in light of their lodestar.  The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

---

[1] Rounded up from the technically correct calculation of $4,440.666666666667

     i.     Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis.  Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).   Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

     ii.     Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December  2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[2]

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case.  *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

---

[2] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

Page 4


Thank you for your consideration in this matter.


Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTOLIN GALVEZ PRUDENTE, *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>PROSPERITY 89 Corp. (D/B/A THAIS NEW YORK), L UCKY CHARM 6365 CORP. (D/B/A THAIS NEW YORK), A DIDSUDA CHUNTON, GIFT RAKOWSKI, and BIPEN DOE,<br><br>*Defendants.* | 18-cv-06796-RA-KHP<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Antolin Galvez Prudente ("Plaintiff Galvez") on the one hand, Prosperity 89 Corp. (d/b/a Thais New York) and Lucky Charm 6365 Corp. (d/b/a Thais New York), ("Defendant Corporation"), Adidsuda Chunton, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Galvez alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Galvez's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-06796-RA-KHP (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Galvez and his counsel, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Galvez may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff

Galvez, the gross sum of Fourteen Thousand Dollars and No Cents (**$14,000.00**) (the "Settlement Amount") to be paid to Plaintiff Galvez's attorneys in Six ("6") installments, as follows:

(a)      Installment One: A post-dated check in the amount of Four Thousand Dollars and No Cents ($4,000.00) for immediate deposit Thirty Days (30) after court approval of the settlement agreement, as follows:

| ANTOLIN GALVEZ PRUDENTE | $2,537.53 |
|---|---|
| Michael Faillace & Associates, P.C. -representing attorneys' fees and costs | $1,462.47 |

(b)      Installment Two through Six post-dated checks to be paid deposited every Thirty (30) days beginning Sixty (60) days after Court approval of the agreement as follows:

| ANTOLIN GALVEZ PRUDENTE | $1,268.76 |
|---|---|
| Michael Faillace & Associates, P.C. -representing attorneys' fees and costs | $731.24 |

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

(a).      Concurrently with the execution of this Agreement, Defendants Prosperity 89 Corp. (d/b/a Thais New York), Lucky Charm 6365 Corp. (d/b/a Thais New York), and Adidsuda Chunton, shall each execute and deliver to   Galvez's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively.  The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Galvez's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear  Galvez's counsel's escrow account, or Defendants fail to deliver the payments to  Galvez's counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants to their counsel, Bingchen Li, Esq., at eric.li@ncny-law.com.  Any such Notice of Default shall be deemed received when sent.

2.      <u>Release and Covenant Not To Sue</u>:  Plaintiff Galvez hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives  and managers any and all FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA and NYLL wage and hour liabilities known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which

each Plaintiff Galvez at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Defendants release and discharge Plaintiff Galvez from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Galvez that have occurred as of the Effective Date of this Agreement.

3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.    <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Galvez and Defendants.

5.    <u>Acknowledgments:</u>   Plaintiff Galvez and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.    <u>Notices:</u>      Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

   To Plaintiff Galvez:

   Michael Faillace, Esq.
   **MICHAEL FAILLACE & ASSOCIATES, P.C.**
   60 East 42nd St. Suite 4510
   New York, NY 10165
   Tel: (212) 317-1200
   Fax: (212) 317-1620
   Email: michael@faillacelaw.com

   To Defendants:

   Bingchen Li
   Law Office of Z. Tan PLLC
   39-07 Prince Street, Suite 3B
   Flushing, NY 11354
   Tel: (718) 886-6676
   Email: eric.li@ncny-law.com

7.    <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Galvez agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.    Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Galvez acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Galvez confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____     Date: _____
      ANTOLIN GALVEZ PRUDENTE

DEFENDANTS:

By: _____     Date: 11/6/20
      PROSPERITY 89 CORP.

By: _____     Date: 11/6/20
      LUCKY CHARM 6365 CORP.

By: _____     Date: 11/6/20
      ADIDSUDA CHUNTON

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – –x

ANTOLIN GALVEZ PRUDENTE,
*individually and on behalf of others
similarly situated,*

          Plaintiff,

      -against-

PROSPERITY 89 CORP. (D/B/A
THAIS NEW YORK), LUCKY
CHARM 6365 CORP.  (D/B/A THAIS
NEW YORK), ADIDSUDA
CHUNTON, GIFT RAKOWSKI, and
BIPEN DOE,
            *Defendants.*

– – – – – – – – – – – – – – – – – – – – – – – – – –x

Index No.: **18-cv-06796-RA-KHP**

**<u>AFFIDAVIT OF CONFESSION OF
JUDGMENT</u>**

STATE OF NEW YORK    )
                  : ss.:
COUNTY OF           )

1.    I reside in ___Suffolk___. County.

2.    I, ADIDSUDA CHUNTON, am the President Prosperity 89 Corp. (d/b/a Thais York).   I am Newly authorized to make this affidavit of confession of judgment on behalf of Prosperity 89 Corp. (d/b/a Thais New York).

3.    Prosperity 89 Corp. (d/b/a Thais New York),  maintains its principal place of business in New York County at 1750 2nd Ave, New York, NY 10128 (formerly located at 1718 Second Avenue, New York, New York 10128).

4.    Pursuant to the terms of the Settlement Agreement and Release by and between Antolin Galvez Prudente (each a "Plaintiff" and collectively, "Plaintiffs")  and Prosperity 89 Corp. (d/b/a Thais New York), Lucky Charm 6365 Corp. (d/b/a Thais New York), and Adidsuda Chunton (each a "Defendant" and collectively, "Defendants"),  to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Prosperity 89 Corp. (d/b/a Thais New York) in favor of Plaintiffs for the sum of Twenty-Eight Thousand Dollars and  No  Cents ($28,000.00), less any payments made under the Settlement Agreement.

5.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $14,000.00 to Plaintiffs.  The amount of this affidavit of confession of judgment represents the settlement amount of $14,000.00 plus liquidated damages of $14,000.

6.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $28,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Prosperity 89 Corp. (d/b/a Thais New York).

Prosperity 89 Corp.

By: _____

Title: President

STATE OF ~~New York~~ Queens )
~~County of~~ : ss.:

On Nov. 6th 2020, before me personally came Adidsuda Chuvton, to me known, who, by me duly sworn, did depose and say that deponent resides at 16 Taylor Ave, Greenlawn, NY 11740 that deponent is the President of Prosperity 89 Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Prosperity 89 Corp. and was authorized to do so.

_____
Notary Public

**Hua Juan Hu**
Commissioner of Deeds
City of New York No. 4-10183
Certificate Filed in Queens
Commission Expires January 1, 2021

EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – x

ANTOLIN GALVEZ PRUDENTE,
*individually and on behalf of others*
*similarly situated,*

                  Plaintiff,

             -against-

PROSPERITY 89 Corp. (D/B/A
THAIS NEW YORK), LUCKY
CHARM 6365 CORP. (D/B/A THAIS
NEW YORK), ADIDSUDA
CHUNTON, GIFT RAKOWSKI, and
BIPEN DOE,

              *Defendants.*

– – – – – – – – – – – – – – – – – – – – – – – – – – – x

Index No.: **18-cv-06796-RA-KHP**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                       : ss.:
COUNTY OF          )

    1.    I reside in _Suffolk_ County.

    2.    I, _ADIDSUDA CHUNTON_, am the President Lucky Charm 6365 Corp. (d/b/a Thais New York).  I am duly authorized to make this affidavit of confession of judgment on behalf of Lucky Charm 6365 Corp. (d/b/a Thais New York).

    3.    Lucky Charm 6365 Corp. (d/b/a Thais New York),  maintains its principal place of business in New York County at 1750 2nd Ave, New York, NY 10128 (formerly located at 1718 Second Avenue, New York, New York 10128).

    4.    Pursuant to the terms of the Settlement Agreement and Release by and between Antolin Galvez Prudente (each a "Plaintiff" and collectively, "Plaintiffs")  and Prosperity 89 Corp. (d/b/a Thais New York), Lucky Charm 6365 Corp. (d/b/a Thais New York), and Adidsuda Chunton (each a "Defendant" and collectively, "Defendants"),  to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Lucky Charm 6365 Corp. (d/b/a Thais New York) in favor of Plaintiffs for the sum of Twenty-Eight Thousand Dollars and No Cents ($28,000.00), less any payments made under the Settlement Agreement.

    5.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $14,000.00 to Plaintiffs.  The amount of this affidavit of confession of judgment represents the settlement amount of $14,000.00 plus liquidated damages

of $14,000.

      6.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

      7.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $28,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Lucky Charm 6365 Corp. (d/b/a Thais New York).

Lucky Charm 6365 Corp.

By: _____

Title: President

STATE OF ~~New York~~ _Queens_   )

~~County of~~      : ss.:

      On _Nov. 6_ , 2020, before me personally came _Aad Suda Chuston_ to me known, who, by me duly sworn, did depose and say that deponent resides at _16 Taylor Ave, Greenlawn, NY 11740_ that deponent is the <u>President</u> of Lucky Charm 6365 Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Lucky Charm 6365 Corp. and was authorized to do so.

_____
Notary Public

**Hua Juan Hu**
**Commissioner of Deeds**
**City of New York  No. 4-10183**
**Certificate Filed in Queens**
**Commission Expires** January 1, 2021

EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – –x

ANTOLIN GALVEZ PRUDENTE,
*individually and on behalf of others*
*similarly situated,*

                Plaintiff,

          -against-

PROSPERITY 89 Corp. (D/B/A
THAIS NEW YORK), LUCKY
CHARM 6365 CORP.  (D/B/A THAIS
NEW YORK), ADIDSUDA
CHUNTON, GIFT RAKOWSKI, and
BIPEN DOE,
             *Defendants.*

– – – – – – – – – – – – – – – – – – – – – – – – – – – –x

:
:
:
:    Index No.: **18-cv-06796-RA-KHP**
:
:
:    **AFFIDAVIT OF CONFESSION OF**
:    **JUDGMENT**
:
:
:
:
:
:
:
:
:

STATE OF NEW YORK    )
                      : ss.:
COUNTY OF           )

    1.    I reside in _Suffolk ._ County.

    2.    Pursuant to the terms of the Settlement Agreement and Release by and between Antolin Galvez Prudente (each a "Plaintiff" and collectively, "Plaintiffs")  Prosperity 89 Corp. (d/b/a Thais New York),  Lucky Charm 6365 Corp. (d/b/a Thais New York),  and Adidsuda Chunton (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Galvez for the sum of Twenty-Eight Thousand Dollars and No Cents ($28,000.00),  less any payments made under the Settlement Agreement.

    3.    This affidavit of confession of judgment is for a debt justly due to Plaintiff Galvez under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $14,000.00 to Plaintiff Galvez.  The amount of this affidavit of confession of judgment represents the settlement amount of $14,000.00 plus liquidated damages of $14,000.

    4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

    5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $28,000.00 (less any

amounts already paid to Plaintiffs pursuant to the above schedule), against me, Adidsuda
Chunton.

_____
Adidsuda Chunton

Sworn to before me this
_6_ day of _November_ 2020

_____
Notary Public

**Hua Juan Hu**
**Commissioner of Deeds**
**City of New York  No. 4-10183**
**Certificate Filed in Queens**
**Commission Expires  January 1, 2021**

Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.     Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Galvez agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.     Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Galvez acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Galvez confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.     Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: 11/5/2020
        ANTOLIN GALVEZ PRUDENTE

DEFENDANTS:

By: _____          Date: _____
        PROSPERITY 89 INC.

By: _____          Date: _____
        LUCKY CHARM 6365 CORP.

# EXHIBIT B

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Antolin Galvez Prudente | 8/1/2016 | 12/30/2016 | 22 | 30.5 | 0 | $ 7.50 | $ 11.25 | $ 9.00 | $ 13.50 | $ 274.50 | $ 228.75 | $ 45.75 | $ 1,006.50 | $ 1,006.50 |
| | 12/31/2016 | 4/15/2017 | 15 | 45.66 | 5 | $ 10.70 | $ 16.05 | $ 11.00 | $ 16.50 | $ 533.39 | $ 428.00 | $ 105.39 | $ 1,580.85 | $ 1,580.85 |
| | 4/16/2017 | 12/30/2017 | 37 | 45.66 | 5 | $ 12.68 | $ 19.01 | $ 11.00 | $ 16.50 | $ 614.61 | $ 507.00 | $ 107.61 | $ 3,981.60 | $ 3,981.60 |
| | 12/31/2017 | 7/10/2018 | 27 | 45.66 | 5 | $ 10.85 | $ 16.28 | $ 13.00 | $ 19.50 | $ 630.37 | $ 495.41 | $ 134.96 | $ 3,643.89 | $ 3,643.89 |
| | | | | | | | | | | | | | $ 10,212.84 | $ 10,212.84 |
| | | | | | | | | | | | | TOTAL: | $ 10,212.84 | $ 10,212.84 |

1  This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2  Plaintiffs reserve the right to correct or amend this chart.
3  This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

1 of 2

Privileged Settlement Communication                                          Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|
| Antolin Galvez Prudente | 8/1/2016 | 12/30/2016 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ 255.90 | $ - | $ 12,268.90 |
| | 12/31/2016 | 4/15/2017 | $ 825.00 | $ 825.00 | | | $ 351.65 | $ 183.52 | $ 5,346.86 |
| | 4/16/2017 | 12/30/2017 | $ 2,035.00 | $ 2,035.00 | | | $ 706.51 | $ 361.10 | $ 13,100.80 |
| | 12/31/2017 | 7/10/2018 | $ 1,755.00 | $ 1,755.00 | | | $ 443.97 | $ 213.83 | $ 11,455.59 |
| | | | $ 4,615.00 | $ 4,615.00 | $ 5,000.00 | $ 5,000.00 | $ 1,758.03 | $ 758.44 | $ 42,172.15 |
| | | | | | | | | | |
| | | | $ 4,615.00 | $ 4,615.00 | $ 5,000.00 | $ 5,000.00 | $ 1,758.03 | $ 758.44 | $ 42,172.15 |

| | |
|---|---|
| Filing Date | 7/27/2018 |
| FLSA | 7/27/2015 |
| NYLL | 7/27/2012 |
| Today | 8/12/2019 |

# EXHIBIT C

## Michael Faillace & Associates, P.C.

60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Antolin Prudente                                          November 2, 2020

|  |  |
|---|---|
| File #: | ThaisNYC2 |
| **Attention:** | Inv #: | 1217 |

**RE:**     Galvez Prudente, et al. v. Prosperity 89 Inc., et al.

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Feb-06-19 | Drafted mediation statement | 0.20 | 70.00 | SI |
| Feb-12-19 | Travel to and from mediation; appear at mediation | 2.70 | 945.00 | SI |
| Jun-01-19 | calendared scheduling order | 0.10 | 10.00 | PL |
| Mar-20-20 | email w/ mediation office | 0.10 | 35.00 | GN |
|  | review def discovery and damages chart | 0.50 | 175.00 | GN |
|  | review judges rules and email oc | 0.10 | 35.00 | GN |
| Jul-02-20 | review judges order, email opposing counsel, email pl | 0.10 | 35.00 | GN |
|  | email w/ opposing counsel and email co-workers re: question | 0.10 | 35.00 | GN |
|  | draft status ltr to court, email opposing counsel | 0.20 | 70.00 | GN |
| Jul-03-20 | file status report | 0.10 | 10.00 | GN |
| Jul-20-20 | discussed with GN the case | 0.10 | 45.00 | MF |
|  | discuss status with mf | 0.10 | 35.00 | GN |

| Date | Description | Hours | Amount | Staff |
|---|---|---|---|---|
| Aug-07-20 | review ecf bounce, email pl to calander | 0.10 | 35.00 | GN |
| Aug-12-20 | research proposed conclusion of fact and law templates, stard draft of jpto packet (.4) | 1.40 | 490.00 | GN |
| Aug-13-20 | review documents produced by def and damages calculations, strategy, draft conclusions of fact and law | 1.20 | 420.00 | GN |
| Aug-14-20 | continue draft proposed conclusions of fact and law | 1.40 | 490.00 | GN |
| | continue draft proposed facts and law and research other cases to compare | 1.90 | 665.00 | GN |
| Aug-19-20 | discussed case with GN' | 0.10 | 12.50 | PL |
| Aug-24-20 | continue draft propsed facts and law | 0.60 | 210.00 | GN |
| | telephone call w/ pl re: to do | 0.10 | 35.00 | GN |
| | continue review and edit of proposed facts and law | 0.80 | 280.00 | GN |
| | continue edit of proposed facts and law and start draft of jpto | 0.80 | 280.00 | GN |
| | discussed with GN that we need to input def. data into excel | 0.40 | 50.00 | PL |
| | started drafting an excel sheet with def data, emailed to GN, continued putting in def data into excel | 1.00 | 125.00 | PL |
| Aug-25-20 | continue jpto draft | 0.20 | 70.00 | GN |
| | input def dat into excel (2016) | 0.90 | 315.00 | PL |
| Aug-26-20 | telephone call w/ pl and review excel of def records | 0.30 | 105.00 | GN |
| | finished inputting def data into excel (2016) | 0.20 | 70.00 | PL |
| | discussed case with GN | 0.10 | 12.50 | PL |
| Aug-27-20 | Reviewed court notice of plaintiffs' motion for adjourning conference;  sent email to GN requesting explanation for the  adjournment; | 0.30 | 135.00 | MF |

| | | | | |
|---|---|---|---|---|
| | directed staff to update case chart ;  filed notice in the proper folder for future reference | | | |
| | Reviewed court notice of appearance of plaintiff's counsel ;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 105.00 | MF |
| | review intake, notes, email pl f/u questions | 0.30 | 105.00 | GN |
| | edit jpto, proposed facts and law, telephone call with JB, telephone call with pl, draft and file ltr motion to adjourn, review intake, review damages, email w/ pl re: follow up question for cl- all in preperation of trial | 2.90 | 1,015.00 | GN |
| | email w/ mf re: adjournment, ot request, telephone call w/ pl re: entering def records into excel | 0.20 | 70.00 | GN |
| | called client re: questions for cl, emailed GN | 0.40 | 50.00 | PL |
| | input def dat into excel | 0.10 | 12.50 | PL |
| | called client again re: follow up questions | 0.10 | 12.50 | PL |
| | input def data into excel | 0.70 | 87.50 | PL |
| | input def data into excel | 1.60 | 200.00 | PL |
| | input def data into excel | 5.00 | 625.00 | PL |
| | filed  notice of appearance | 0.10 | 12.50 | PL |
| Aug-28-20 | review pl excel of def docs | 0.30 | 105.00 | GN |
| | telephone call w/ pl re: update on chart | 0.10 | 35.00 | GN |
| | continue edit jpto and proposed facts and law | 0.80 | 280.00 | GN |
| | edit damages calculations | 1.40 | 490.00 | GN |
| | notes/strategy | 0.10 | 35.00 | GN |
| | continued to fill out excel sheet with def records | 0.60 | 75.00 | PL |

|  |  |  |  |  |
|---|---|---|---|---|
|  | continued to input def to exccel sheet | 1.50 | 187.50 | PL |
|  | translated for GN and Plaintiffs re pay | 0.20 | 25.00 | PL |
| Aug-29-20 | edit damages | 0.70 | 245.00 | GN |
|  | review paystubs and text w/ pl | 0.10 | 35.00 | GN |
|  | continue edit damages calculations | 0.80 | 280.00 | GN |
| Aug-31-20 | reviewed court order  adjourning trial until September29,  2020;  directed staff to update case chart | 0.30 | 135.00 | MF |
|  | discussed with GN the defendants' settlement offers and advised him to write a letter to the court explaining why the  parties did not submit the pre-trial package | 0.40 | 180.00 | MF |
|  | edit jpto, draft cl decl, telephone call w/ pl re decl. and damages, edit proposed facts and law, review/edit proposed facts and law | 4.20 | 1,470.00 | GN |
|  | calander pre-trial info, email JB | 0.10 | 12.50 | GN |
|  | telephone call w/ opposing counsel, mf, cl re: sett | 0.60 | 210.00 | GN |
|  | telephone call w/ pl re: damages calculations | 1.30 | 455.00 | GN |
|  | telephone call w/ opposing counsel, mf, pl re: sett and strategy. draft and file ltr for extension | 0.50 | 175.00 | GN |
|  | discusssed case with GN | 0.40 | 50.00 | PL |
|  | revised Plaintiffs affidavit for trial | 0.40 | 50.00 | PL |
|  | revised damages chart | 0.30 | 37.50 | PL |
|  | continued to calculate wages paid and wages owed into the exccel sheet | 1.50 | 187.50 | PL |
|  | translated the clients declaration and sent it to client through whats app | 0.40 | 50.00 | PL |
|  | continued to work on the excdel sheet | 1.30 | 162.50 | PL |

| | researched UCC financing statement and continued to work on spreadsheet' | 1.50 | 187.50 | PL |
|---|---|---|---|---|
| Sep-01-20 | telephone call w/ opposing counsel, cl and pl re: sett, text JB in regards | 0.30 | 105.00 | GN |
| | draft adjourn ltr to court, email opposing counsel, email mf update | 0.20 | 70.00 | GN |
| | review opposing counsel emai, email w/ mf re: sett, file ltr to adjourn | 0.10 | 35.00 | GN |
| | reiew ecf bounce | 0.10 | 35.00 | GN |
| | called client as per GNs request , to keep him posted on the settlment talks | 0.10 | 12.50 | PL |
| | called client to translate for GN re: settlement offer | 0.10 | 12.50 | PL |
| Sep-02-20 | telephone call w/ pl draft settlement agreement | 0.10 | 35.00 | GN |
| | discussed case with GN re: agreement | 0.10 | 12.50 | PL |
| Sep-08-20 | email mf re: ecf bounce | 0.10 | 35.00 | GN |
| Sep-09-20 | telephone call w/ opposing counsel re: sett, review docket, email mf | 0.20 | 70.00 | GN |
| | email w/ opposing counsel re: sett terms | 0.10 | 35.00 | GN |
| | draft ltr adjourn to court | 0.10 | 35.00 | GN |
| | file ltr to adjourn | 0.10 | 35.00 | GN |
| Sep-10-20 | Reviewed court order ordering the parties to submit fairness letter and setting a deadline for both parties to file the firness  letter;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | review judges order | 0.10 | 35.00 | GN |
| Sep-30-20 | review case file, emails, and text message re: settlement | 0.40 | 140.00 | GN |
| Oct-26-20 | email pl to do | 0.10 | 35.00 | GN |

| | | | | |
|---|---|---|---|---|
| | review emails, foward to pl and email pl with instructions | 0.10 | 35.00 | GN |
| Oct-27-20 | edit draft agreemenr | 0.70 | 245.00 | GN |
| Oct-28-20 | edit settlement agreement, email opposing counsel | 1.00 | 350.00 | GN |
| | Totals | 52.10 | $14,252.50 | |

**DISBURSEMENTS**

| | | |
|---|---|---|
| Jul-27-18 | Filing Fee | 400.00 |
| Oct-12-18 | AOS - Prosperity 89 Inc. | 64.00 |
| | AOS - Lucky Charm 6365 Corp | 64.00 |
| Oct-16-18 | AOS - Bipen Doe | 50.00 |
| | AOS - Gift Rakowski | 50.00 |
| | AOS - Adidsuda Chunton | 50.00 |
| | Totals | $678.00 |

| | |
|---|---|
| **Total Fee & Disbursements** | **$14,930.50** |
| **Balance Now Due** | **$14,930.50** |