UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOLIN GALVEZ PRUDENTE,
*individually and on behalf of others similarly situated*,

                        Plaintiff,

          v.

PROSPERITY 89 INC., *et al.*,

                        Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

18-CV-6796 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      Plaintiff Antolin Galvez Prudente brought this action against Defendants Prosperity 89 Inc., Lucky Charm 6365 Corp., Adidsuda Chunton, Gift Rakowski, and Bipen Doe for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Presently before the Court is the parties' proposed settlement agreement, *see* Dkt. 70 Ex. A ("Agreement"), and fairness letter, *see* Dkt. 70 ("Fairness Letter"), as well as documentation calculating Plaintiff's "best chance" recovery, *see* Dkt. 70 Ex. B, and attorneys' fees, *see* Dkt. 70 Ex. C. Having reviewed the parties' submissions, the Court finds that the settlement is fair and reasonable.

      Under the terms of the Agreement, Defendants agree to pay Plaintiff a total of $14,000 in exchange for the relinquishment of wage and hour claims. Agreement at 2. After attorneys' fees and costs, Plaintiff will receive $8,881.33 in damages. *Id.*; Fairness Letter at 2. This settlement amount is somewhat less than Plaintiff's calculated "best chance" estimated recovery. *See* Dkt. 70 Ex. B (calculating "best chance" recovery at $42,172.15). Nonetheless, given the risks of trial, the Court finds this settlement amount reasonable. *See Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015

WL 8773460, *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery in light of the risks of trial).

The Court also approves the requested award of attorneys' fees and costs. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). "A court evaluating attorneys' fees in an FLSA settlement may use either the 'lodestar' method or the 'percentage of the fund' method." *Cionca v. Interactive Realty, LLC*, No. 15-CV-05123 (BCM), 2016 U.S. Dist. LEXIS 77372, 2016 WL 3440554, at *2 (S.D.N.Y. June 10, 2016). Here, the proposed fee amount is approximately one-third of the net settlement amount, "which is an amount routinely approved under the percentage method" in this District. *Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950 (RA), 2018 U.S. Dist. LEXIS 110266, 2018 WL 3222519, *5 (S.D.N.Y. July 2, 2018); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-CV-3234 (LB), 2013 U.S. Dist. LEXIS 134207, 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"). Moreover, the amount is reasonable when compared to what would be awarded under the lodestar method, which the parties have calculated to be $14,252.50. *See* Fairness Letter at 2; *see also Lin*, 2018 WL 3222519, at *16 ("When the lodestar calculation is greater than the attorneys' fee award, the Court ordinarily will approve the fee, at least so long as the percentage of the award is reasonable."). The Court thus approves the proposed attorneys' fees and costs under the percentage of the fund method.

Finally, Plaintiff's release of claims is also fair and reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp.

2

3d 170, 181 (S.D.N.Y. 2015)). The release in this case is limited to claims arising under FLSA and NYLL and "relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement." *See* Agreement at 2–3. The release is thus sufficiently limited.

## CONCLUSION

For the reasons stated above, the Court approves the Agreement. The Court will retain jurisdiction as requested, Fairness Letter at 1, for the limited purpose of enforcing the Agreement.

The Court dismisses this action with prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:    May 5, 2021
            New York, New York

RONNIE ABRAMS
United States District Judge